1

2

3

4

5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CRAIG O'BOSKY,

11           Plaintiff,                    No. CIV S-07-1957 DAD

12       v.

13   MICHAEL J. ASTRUE,                    ORDER
     Commissioner of Social Security,
14
             Defendant.
15   _____/

16           This matter is before the court on plaintiff's fully briefed motion for attorney fees

17   pursuant to the Equal Access to Justice Act (EAJA).[1]

18           Plaintiff brought this action seeking judicial review of a final administrative

19   decision denying his applications for disability benefits under Titles II and XVI of the Social

20   Security Act.  On August 24, 2009, following the filing of a motion for summary judgment by

21   plaintiff and a cross-motion for summary judgment by defendant, the court granted plaintiff's

22   motion, reversed the decision of the Commissioner and remanded the action with the direction to

23   award plaintiff benefits.

24   _____

25           [1]  The undersigned apologizes to the parties, and in particular to plaintiff's counsel, for
     the delay in the issuance of this order.  The court will be taking steps to ensure that such delay
26   does not occur in the future.

                                             1

1    The court's decision was based upon the conclusion that the Administrative Law

2 Judge (ALJ) had failed to identify plaintiff's depression as a severe impairment at step two of the

3 sequential evaluation process, failed to give adequate reasons for rejecting the treating

4 physician's opinion and the testimony of plaintiff and plaintiff's mother regarding the severity of

5 plaintiff's symptoms and limitations, and failed to pose a legally adequate hypothetical question

6 to the vocational expert who testified at the administrative hearing.  The court found that no

7 useful purpose would be served by further administrative proceedings and that the vocational

8 expert's testimony at the hearing in response to properly modified hypothetical questions

9 established that plaintiff was unable to perform a significant number of jobs in the national

10 economy.  Judgment was accordingly entered for plaintiff on August 24, 2009.

11    Plaintiff seeks a fee award of $6,686.73 for 38.8 hours of attorney time expended

12 in connection with this action.  The amount sought is for the work of attorneys Ann M. Cerney

13 and Sarah H. Bohr.  Ms. Cerney seeks $349.57 for 2.1 hours in 2007 (at the rate of $166.46 per

14 hour)[2]; $846.97 for 4.9 hours in 2008 at the rate of $172.85 per hour; and $187.85 for 1.1 hours

15 in 2009 at the rate of $170.77 per hour.  Ms. Bohr seeks $4,960.80 for 28.7 hours in 2008 at the

16 rate of $172.85 per hour; and $341.54 for 2.0 hours in 2009 at the rate of $170.77 per hour.

17 Defendant has filed a statement informing the court of his non-opposition to plaintiff's attorney

18 fee award.

19    The EAJA provides that "a court shall award to a prevailing party . . . fees and

20 other expenses . . . incurred by that party in any civil action . . . brought by or against the United

21 States . . . unless the court finds that the position of the United States was substantially justified

22 or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).  See also

23 Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002).  A "party" under the EAJA is defined as

24

---

25    [2] This is the rate calculated by the court given the hours expended and the amount
requested by plaintiff.  In his motion, plaintiff did not provide the rate charged by attorney Ann
26 Cerney in 2007.

1  including "an individual whose net worth did not exceed $2,000,000 at the time the civil action

2  was filed[.]" 28 U.S.C. § 2412(d)(2)(B) (i).  The term "fees and other expenses" includes

3  "reasonable attorney fees."  28 U.S.C. § 2412(d)(2)(A).  "The statute explicitly permits the court,

4  in its discretion, to reduce the amount awarded to the prevailing party to the extent that the party

5  'unduly and unreasonably protracted' the final resolution of the case."  Atkins v. Apfel, 154 F.3d

6  986, 987 (9th Cir. 1998) (citing 28 U.S.C. §§ 2412(d)(1)(C) & 2412(d)(2)(D)).

7          A party who obtains a remand in a Social Security case is a prevailing party for

8  purposes of the EAJA.  Shalala v. Schaefer, 509 U.S. 292, 300-01 (1993) ("No holding of this

9  Court has ever denied prevailing-party status . . . to a plaintiff who won a remand order pursuant

10  to sentence four of § 405(g) . . . , which terminates the litigation with victory for the plaintiff.") .

11  "An applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if

12  the denial of her benefits is reversed and remanded regardless of whether disability benefits

13  ultimately are awarded."  Gutierrez v. Barnhart, 274 F.3d 1255, 1257 (9th Cir. 2001).

14          Here, the court finds that plaintiff is the prevailing party, that he did not unduly

15  delay this litigation, and that his net worth did not exceed two million dollars when this action

16  was filed.  The court also finds that the position of the Commissioner was not substantially

17  justified.  See Corbin v. Apfel, 149 F.3d 1051, 1053 (9th Cir. 1998) ("While the government's

18  defense on appeal of an ALJ's procedural error does not automatically require a finding that the

19  government's position was not substantially justified, the defense of basic and fundamental errors

20  such as the ones in the present case is difficult to justify."); Sampson v. Chater, 103 F.3d 918,

21  921-22 (9th Cir. 1996) (finding no substantial justification where the Commissioner "did not

22  prove that her position had a reasonable basis in either fact or law" and "completely disregarded

23  substantial evidence" of the onset of disability).

24          The EAJA expressly provides for an award of "reasonable" attorney fees.  28

25  U.S.C. § 2412(d)(2)A).  Under the EAJA, hourly rates for attorney fees have been capped at

26  $125.00 since 1996, but district courts are permitted to adjust the rate to compensate for an

3

increase in the cost of living.[3]  See 28 U.S.C. § 2412(d)(2)(A); Sorenson v. Mink, 239 F.3d 1140,

1147-49 (9th Cir. 2001); Atkins v. Apfel, 154 F.3d 986, 987 (9th Cir. 1998).  Determining a

reasonable fee "'requires more inquiry by a district court than finding the product of reasonable

hours times a reasonable rate.'"  154 F.3d at 988 (quoting Hensley v. Eckerhart, 461 U.S. 424,

434 (1983) (internal citations omitted)).  The district court must consider "'the relationship

between the amount of the fee awarded and the results obtained.'"  Id. at 989 (quoting Hensley,

461 U.S. at 437).

Here, plaintiff's attorneys obtained an award of benefits despite defendant's cross-

motion for summary judgment.  Having reviewed the itemization of attorney hours spent on this

case, the court finds that the claimed 38.8 hours of attorney time is reasonable in this case and

that the number of hours claimed is comparable to the amount of time devoted to similar tasks by

counsel in other social security appeals coming before this court.

Plaintiff's motion includes a request that any EAJA fees awarded be paid directly

to the law offices of plaintiff's attorney Ann M. Cerney in accordance with the parties'

agreement.  In light of that agreement, defendant elected to forgo arguing that plaintiff's EAJA

fees should be made payable to plaintiff, rather than plaintiff's attorney.  However, subsequent to

the briefing by the parties, the United States Supreme Court ruled that an attorney fee award

under the EAJA is payable to the litigant and is therefore subject to a government offset to satisfy

any pre-existing debt owed to the United States by the claimant.  Astrue v. Ratliff, ___ U.S. ___, _

__, 130 S. Ct. 2521, 2526-27, 2529 (2010).

Subsequent to the decision in Ratliff, some courts have ordered payment of the

award of EAJA fees directly to plaintiff's counsel pursuant to plaintiff's assignment of EAJA

---

[3]  In accordance with Thangaraja v. Gonzales, 428 F.3d 870, 876-77 (9th Cir. 2005), and
Ninth Circuit Rule 39-1.6, the Ninth Circuit Court of Appeals maintains a list of the statutory
maximum hourly rates authorized by the EAJA, as adjusted annually.  The rates may be found on
the Court's website.  See http://www.ca9.uscourts.gov.  Here, plaintiff has requested fees at or
below the statutory maximum rates established by the Ninth Circuit.

1   fees, provided that the plaintiff has no debt that requires offset.  See Blackwell v. Astrue, No.

2   CIV 08-1454 EFB, 2011 WL 1077765, at *5 (E.D. Cal. Mar. 21, 2011); Dorrell v. Astrue, No.

3   CIV 09-0112 EFB, 2011 WL 976484, at *2-3 (E.D. Cal. Mar. 17, 2011); Calderon v. Astrue, No.

4   1:08-cv-01015 GSA, 2010 WL 4295583, at *8 (E.D. Cal. Oct. 22, 2010); Castaneda v. Astrue,

5   No. EDCV 09-1850-OP, 2010 WL 2850778, at *3 (C.D. Cal. July 20, 2010).  Similarly, in

6   recently submitted stipulations and proposed orders for the award of attorney fees under the

7   EAJA, the parties have stipulated that, if plaintiff does not owe a federal debt, the government

8   will consider the plaintiff's assignment of EAJA fees and expenses to plaintiff's attorney and

9   shall honor the assignment by making the fees and expenses payable directly to counsel.  The

10  court will incorporate such a provision in this order.

11          Accordingly, IT IS HEREBY ORDERED that:

12          1.  Plaintiff's motion for attorney fees under the Equal Access to Justice Act (Doc.

13  No. 28) is granted;

14          2.  Plaintiff is awarded $6,686.73 for attorney fees under 28 U.S.C. § 2412(d); and

15          3.  Defendant shall determine whether plaintiff's EAJA attorneys fees are subject

16  to any offset permitted under the United States Department of the Treasury's Offset Program and,

17  if the fees are not subject to an offset, shall honor plaintiff's assignment of EAJA fees and shall

18  cause the payment of fees to be made directly to plaintiff's counsel pursuant to the assignment

19  executed by plaintiff.

20  DATED: October 13, 2011.

21

22                                          _____

23                                          DALE A. DROZD
                                            UNITED STATES MAGISTRATE JUDGE

24  DAD:6
    Ddad1/orders.socsec/bosky1957.attyfees.eaja

25

26

5